**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ARMOND LEWIS,  )
　　　　　　　　　　　　　) 　3:12-cv-00424-MMD-VPC
　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　)
　　v.　　　　　　　　　　) **REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　) **OF U.S. MAGISTRATE JUDGE**
R. STALNAKER, *et al.,*　　)
　　　　　　　　　　　　　)
　　　　Defendants.　　　　) 　April 3, 2014
　　　　　　　　　　　　　)

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (#23).[1] Plaintiff opposed (#30) and defendant replied (#32). The court has thoroughly reviewed the record and recommends that defendant's motion for summary judgment (#23) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

　　　　Plaintiff Armond Lewis ("plaintiff") is currently incarcerated at Lovelock Correctional Center in the custody of the Nevada Department of Corrections ("NDOC") (*see* #31). Plaintiff brings his *pro se* amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that several Nevada State Prison ("NSP") corrections officers violated his Eighth and Fourteenth Amendment rights (#4). The court screened the complaint pursuant to 28 U.S.C. § 1915A, and permitted the following claim to proceed: count I: defendant officer Tabitha Creon ("defendant") used excessive force against plaintiff in violation of his Eighth Amendment rights (#3, p. 5).

---

[1] Refers to the court's docket numbers.

Plaintiff alleges the following: on May 13, 2011, several NSP officers were escorting him to administrative segregation (#4, p. 6). At some point, officers took plaintiff down to the ground, an apparent struggle ensued, and plaintiff was beaten by several officers. *Id*. Plaintiff was placed in four-point restraints, and officers carried him to the infirmary. *Id*. When they passed through the cell-house yard tunnel, defendant "exited the property room and physically kicked [plaintiff] in (balls) the groin region" when he was fully restrained. *Id*.

Defendant asks the court to grant summary judgment in her favor, arguing that no genuine issue of material fact exists and that she is thus entitled to judgment as a matter of law (#23, pp. 1-2).

## II.  DISCUSSION & ANALYSIS

As a preliminary matter, the court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.   Legal Standards**

**1.  42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). Section 1983 does not offer any substantive rights, but provides procedural protections for federal rights granted elsewhere. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To prove liability under § 1983, a plaintiff must: (1) show that a person acting under color of state law engaged in some type of conduct, which (2) deprived the plaintiff of some right, privilege or immunity secured

by the Constitution or federal statutory law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

### 2. Summary Judgment

Summary judgment allows courts to avoid unnecessary trials where there are no factual disputes. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court will grant summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citations omitted). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted, but must only determine whether there is a genuine issue of material fact that must be resolved by trial. *See Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**B. Analysis**

Plaintiff alleges that defendant kicked him in the groin when he was fully restrained, in violation of his Eighth Amendment rights (#4, p. 6). The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (per curiam); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the

relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting Whitley, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184.  Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000).  Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry.  *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d at 1196.

      Defendant denies kicking plaintiff in the groin while he was fully restrained, or at any other time (#23, p. 4).  She contends the following:  supervising officers decided to place plaintiff in administrative segregation for making harassing comments to defendant.  *Id*. at 6.  Plaintiff yelled obscenities at defendant when he was being escorted to administrative segregation, then pulled away from the escort officers and lunged at another officer.  Several officers—apparently not including defendant—used force to subdue plaintiff, taking him to the ground twice.  Two different officers fired blanks from their gun posts.  Plaintiff was ultimately carried to the infirmary and placed in ankle restraints.  Thereafter, the escort team began to video record the incident.  Plaintiff indicated that he felt that he had injured his left ankle and had internal bruising.  The physical examination also identified a minor abrasion on his right forearm and soreness in his right wrist.  Plaintiff was later transported to Northern Nevada Correctional Center for a mental health evaluation and

violently resisted being placed in the transport van (*id.* at 7-8; Ex. A, investigation detail reports, NDOC 0017-0028).[2]

Defendant further alleges that on June 6, 2011, plaintiff sent correspondence to the NDOC Inspector General alleging that defendant kneed him in the side, not the groin (#23, p. 9; Ex. A, NDOC 37). Plaintiff filed a grievance on August 7, 2011, stating that officers twisted his genitals during the incident (Ex. A, NDOC 0004-6). On June 28, 2012, plaintiff sent a letter to NDOC Offender Management that stated generally that defendant took part in assaulting him along with the other officers (#23, p. 9; Ex. B, NDOC 0046-47). On October 2, 2012, plaintiff was interviewed pursuant to the Inspector General's investigation of the incident (#23, Ex. B, NDOC 0043). In that interview, plaintiff claimed that defendant kicked him in the "stomach groin area" when he was being escorted to the NSP infirmary. *Id.* Plaintiff's main medical complaints resulting from the incident were arm, back and shoulder pain, and occasional difficulty passing bowel (#23, Ex.'s  F, NDOC 0076-85; H, NDOC 0113; J, NDOC 0127, 130, 131, 134, 135, 143, 146, 147, 149, 150, 166, 192, 199, 209, 217).[3] Plaintiff twice complained of groin pain:  on August 7, 2011, he claimed generally that his pain stemmed from officers punching and kicking all parts of his body including his groin region; on April 1, 2012, he claimed that his groin pain stemmed from officers twisting his testicles (#23, Ex. J, NDOC 0123, 0185). The medical record reflects that these complaints were isolated, and it does not appear that plaintiff received any follow-up treatment for any alleged injury (#23, Ex.'s F – J). Defendant thus argues that plaintiff's allegations are inconsistent with officer incident reports and his medical record and that his grievances and correspondence related to the incident are inconsistent, silent or generalized on this issue.

---

[2] Authenticated by the declaration of NDOC Inspector General Pamela del Porto (#23-1, pp. 2-3).
[3] Plaintiff's medical records were authenticated by the declaration of NDOC Health Information Coordinator Ronnalee Knight (#23-1, pp. 8-9).

In his opposition, plaintiff asserts that ". . . and after such brutalities [plaintiff] was kick [sic] in the groin by [defendant] while he was held in the air by her fellow prison guards as [he] was being carried off in restraints to the infermery [sic]" (#30, p. 2). Plaintiff attached his sworn declaration, in which he attests: "As I was being carried off by several male prison guards, one [corrections officer] on each extremity, [the defendant] took it upon herself to gratuitously kick me in the testicals [sic] on the way to the infermary [sic] on May 13, 2011." *Id*. at 13. Plaintiff points out that defendant failed to provide her affidavit or the affidavit of any other witnesses refuting his claim.

The court concludes that plaintiff has demonstrated that a genuine dispute of material fact exits that precludes granting summary judgment in favor of defendant. Defendant provides officers' incident reports, medical records, and video recordings to support her claim that she did not kick plaintiff in the groin while he was fully restrained. All parties agree that the videos recorded events after the point in time when plaintiff alleges he was kicked; thus, they have no probative value. The officer incident reports are generally consistent in their recitation of events, but of course, the fact that the reports make no reference to defendant kicking plaintiff in the groin while he was fully restrained does not disprove plaintiff's claim. Finally, while the fact that plaintiff's medical records do not lend much, if any, support to his claim that defendant violated his Eighth Amendment rights by kicking him while he was restrained, again they do not disprove his claim. Defendant does not provide her own declaration or that of any witness; however, as plaintiff has provided his sworn declaration, defendant's declaration would not establish the lack of any dispute of material fact. Accordingly, the court determines that defendant's motion for summary judgment should be denied.

## III.  CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that defendant has failed to demonstrate that there are no genuine issues of material fact for trial; thus, defendant's motion for summary judgment should be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment (#23) be **DENIED**.

**DATED:**  April 3, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**