UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARMOND LEWIS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>R. STALNAKER, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:12-cv-00424-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 33) ("R&R") relating to Defendant Tabitha Creon's Motion for Summary Judgment (dkt. no. 23). Defendant filed an objection to the R&R and Plaintiff has filed a response.  (Dkt. nos. 35 & 36.)

The relevant facts are set forth in the R&R.  Following screening of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on Count I against Defendant for use of excessive force in violation of the Eighth Amendment based on the allegation that Defendant "physically kicked [Plaintiff] in (balls) the groin region" when he was fully restrained on May 13, 2011. (Dkt. no. 3 at 3-4; dkt. no. 4 at 6.) Defendant moved for summary judgment, contending that the objective evidence shows that Defendant did not make any inappropriate contact with Plaintiff. (Dkt. no. 23.) In response, Plaintiff offered his sworn declaration testifying that he was in restraints and as he was being carried off, Defendant "took it upon herself to gratuitously kick [him] in the testicals on the way to the infirmary." (Dkt. no. 30 at 13.) The Magistrate Judge found that Defendant has failed to demonstrate there are no genuine issues of material fact for trial and recommended denying summary judgment.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). In light of Defendant's objection, the Court has conducted a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R.

Defendant argues that the Magistrate Judge erroneously applied the summary judgment standard and took a narrow view of the probative value of the evidence presented in support of summary judgment. The evidence that Defendant offered consists of the officer incident reports, a video of the incident and Plaintiff's medical records. Defendant argues that such evidence shows Plaintiff was combative and verbally abusive on the day of the alleged incident and Defendant did not kick him or, in the alternative, shows that there is a lack of evidence supporting Plaintiff's claim. Defendant then argues that, under either view, she has satisfied her burden of production on summary judgment and Plaintiff's declaration is insufficient to create a genuine issue of fact for trial.

Defendant essentially asks the Court to accept her version of the facts based on the evidence she presented and resolve a material factual dispute in her favor. Defendant's evidence, at best, shows the incident was not recorded or immediately reported, not that it did not happen as Plaintiff claims. The officer's incident reports are silent about the alleged incident, the video is not of the incident but is of the event that transpired after the incident and the medical records only show Plaintiff did not immediately complain about pain in his groin area.  In contrast, Plaintiff offers evidence to show the incident did occur. The Court disagrees with Defendant's contention that Plaintiff's declaration is conclusory. Viewing the facts and drawing all inferences in the

light most favorable to the nonmoving party, as the Court must in evaluating summary judgment, *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986), Plaintiff's declaration unequivocally states that Defendant kicked him in the groin area while he was restrained. (Dkt. no. 30 at 13.) Thus, even if Defendant met her burden of persuasion, Plaintiff met his burden by offering his declaration "set[ting] forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Valerie P. Cooke (dkt. no. 33) be accepted and adopted in its entirety. Defendant's Motion for Summary Judgment (dkt. no. 23) is denied.

DATED THIS 11th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE